# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00757 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE<br><br>(Document 18) |

Plaintiff Dale Owen Dustin ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court on May 16, 2014. His May 9, 2014, complaint is awaiting screening.

On May 29, 2014, Plaintiff filed a document entitled, "Memorandum of Understanding; Motion to Disqualify Judge (Magistrate). . ." Plaintiff appears to disagree with the transfer of this Case from the Northern District of California and believes that he cannot obtain a fair trial in this Court. Without explanation, Plaintiff states that he believes that Magistrate Judge Dennis L. Beck is "biased and prejudicial against him." Plaintiff cites both 28 U.S.C. § 144 and 28 U.S.C. § 455.

## **DISCUSSION**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

1

further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir.2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir.2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, ... [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980).

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. § 455(b)(1).  A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir.1994).

Under both recusal statutes, § 144 and § 455, the substantive standard is "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[1] Pesnell, 543 F.3d at 1043, quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir.1997). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. Id., citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (quoting Liteky, 510 U.S. at 555). "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." Id.

Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell, 543 F.3d at 1044. However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or

---

[1] Although § 144 applies only to District Court Judges, not Magistrate Judges, "[b]ecause the grounds for disqualification in § 455 and § 144 are similar, they may be considered together." United States v. Faul, 748 F.2d 1204, 1210 (8th Cir.1984).

impartiality, nor are a judge's efforts at courtroom administration.  <u>Liteky</u>, 510 U.S. at 555-56; <u>Pesnell</u>, 543 F.3d at 1044.  Judicial rulings may support a motion for recusal only "in the rarest of circumstances." <u>Liteky</u>, 510 U.S. at 555; U.<u>S. v. Chischilly</u>, 30 F.3d 1144, 1149 (9th Cir.1994).

      Although it appears that Plaintiff has filed numerous cases in this Court, this alone is insufficient to demonstrate prejudice or bias.  Plaintiff provides no specific facts to meet his burden under either section 144 or 455.  Rather, Plaintiff seems to simply disagree with the rulings in prior cases.  This does not warrant disqualification.

      Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

   Dated: **June 8, 2014**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE