# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-00757 AWI DLB<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT<br>(Document 47)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT IN COMPLIANCE WITH THE COURT'S JUNE 9, 2014, ORDER WITHIN THIRTY DAYS |

Plaintiff Dale Owen Dustin ("Plaintiff") is a California state prison inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in the Northern District of California. The action was transferred to this Court on May 16, 2014.

On June 9, 2014, the Court dismissed the complaint with leave to amend. In dismissing, the Court explained:

Plaintiff is incarcerated and he is representing himself in this action. Under those circumstances, the Court is lenient in overlooking technical and other errors. However, Plaintiff's complaint is approximately 38 pages of illegible handwriting. Plaintiff's failure to leave spaces between his words and to double-space his sentences, as well as his very small writing, renders his complaint virtually illegible. Plaintiff is required to submit filings which are "clearly legible." Local Rule 130(b). In submitting an amended complaint in compliance with this order, Plaintiff is required to leave spaces between his words and to double-space his sentences. Local Rule 130(c). The failure to do so will result in an order striking the amended complaint from the record.

ECF No. 22, at 2.

After receiving three extensions of time, Plaintiff filed his First Amended Complaint on December 31, 2014.  However, Plaintiff wholly ignored the Court's directives to leave space between his words and double-space his sentences.  Plaintiff was ordered to file a legible First Amended Complaint, but the style of his writing is identical to his original complaint.  Plaintiff has also more than tripled the length of his handwritten complaint, which is now approximately 150 pages.  In addition to these 150 pages, Plaintiff has submitted over 500 pages of exhibits.

Again, the Court is cognizant of the liberal standard to which incarcerated, pro se plaintiffs are held.  However, Plaintiff's First Amended Complaint does not even meet the most basic requirements.  The Court will not spend burdensome amounts of time deciphering Plaintiff's allegations where he has ignored the Court's prior directives.[1]

Accordingly, the Court STRIKES Plaintiff's First Amended Complaint because it does not comply with the Court's June 9, 2014, order.  Plaintiff will be granted **one final** opportunity to produce a document that is legible and clearly sets forth his claim.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's amended complaint will be limited to **twenty-five pages**.  Plaintiff is discouraged from sending hundreds of pages of exhibits.

 If Plaintiff's amended complaint does not comply with these basic requirements, the Court will recommend that this action be dismissed.

## CONCLUSION AND ORDER

Plaintiff's First Amended Complaint, filed on December 31, 2014, is STRICKEN. Plaintiff shall file an amended complaint that complies with the Court's June 9, 2014, order within thirty (30) days of the date of service of this order.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556

---

[1] Plaintiff has been aware of the pleading and legibility requirements for years.  In Dustin v. Alameida, et al., 1:03-cv-05626 AWI LJO, the Court dismissed Plaintiff's complaint on June 26, 2007, for failure to follow the Court's prior orders, and because his amended complaint was illegible and did not comply with Rule 8.

U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Clerk's Office SHALL send Plaintiff a civil rights complaint form.

**If Plaintiff's amended complaint does not comply with these basic requirements, the Court will recommend that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **February 22, 2015**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE