1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9                   EASTERN DISTRICT OF CALIFORNIA
10
11   DALE OWEN DUSTIN,                    Case No. 1:14-cv-00757 AWI DLB PC
12              Plaintiff,                ORDER DISCHARGING ORDER
                                          TO SHOW CAUSE
13        v.                              (Document 53)
14   GIPSON, et al.,                      **THIRTY-DAY DEADLINE**
15              Defendants.
16

17         Plaintiff Dale Owens Dustin ("Plaintiff") is a California state prisoner proceeding pro se and

18   in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December

19   16, 2013, and it was transferred to this Court on May 16, 2014.

20         On June 9, 2014, the Court screened the complaint and dismissed it with leave to amend.

21   Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of

22   the order.

23         Since that time, Plaintiff has received numerous extensions of time.  The Court granted

24   Plaintiff's last request on October 28, 2014, and instructed Plaintiff that the sixty-day extension

25   would be his final extension.

26         On December 31, 2014, Plaintiff filed a First Amended Complaint.  However, the filing did

27   not comply with the Court's prior screening order because it was not legible, and the Court struck

28   the filing on February 23, 2015.  The Court explained that Plaintiff would be given a final

1   opportunity to file a legible amended complaint in compliance with the Court's June 9, 2014, order.

2   Plaintiff was given thirty (30) days from the date of service of the order to do so.

3       After thirty (30) days passed and Plaintiff had not complied with the order, the Court issued

4   an order to show cause on April 10, 2015.

5       On April 22, 2015, the Court received a response from Plaintiff.  Plaintiff indicates that he

6   did not receive the order striking the First Amended Complaint.   Giving Plaintiff the benefit of the

7   doubt, the Court will DISCHARGE the order to show cause and give Plaintiff **a final thirty (30)**

8   **day extension within which to file a legible complaint.**

9       Plaintiff also disagrees with the Court's requirement that he submit a legible complaint, and

10   questions the Court's motivation.  To be clear, the Court can read some of Plaintiff's handwriting.  It

11   cannot, however, spend an inordinate amount of time deciphering Plaintiff's writing when he writes

12   very small and includes almost 100 single-spaced lines on a single page.  This is especially true

13   where Plaintiff has submitted over 150 pages of such writing.

14       The Court is cognizant of Plaintiff's status as a pro se litigant, as well as his issues with

15   handwriting, but it must hold Plaintiff to a certain standard of legible writing.  Plaintiff likely has the

16   ability to write with adequate spacing, but he continues to submit documents that fall far short of the

17   legibility require of Local Rule 130(b).[1]

18       Finally, to the extent that Plaintiff believes that counsel should be appointed so that the Court

19   does not have to read his writing, the Court will not appoint counsel without a determination that

20   Plaintiff is likely to succeed on the merits of his claims.  At this point, the Court cannot make such a

21   determination.  Moreover, given some of Plaintiff's statements and purported claims, the Court has

22   concerns regarding Plaintiff's ability to state a cognizable claim.[2]

23   ///

24   ///

25   ///

26   ///

27

28

---

[1] The Court notes that this is not the first action in which Plaintiff has been notified of the requirement that his writing be legible.

[2] The Court also notes that Plaintiff may have three strikes within the meaning of 28 U.S.C. § 1915(g), and he therefore may be prohibited from proceeding in forma pauperis absent an exception.

Therefore, Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.  His complaint must be legible.  It must contain adequate spacing between words and adequate spacing between lines.  Plaintiff is also reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  **If Plaintiff cannot comply with these basic requirements after repeated instructions and opportunities, this action will be dismissed.**

IT IS SO ORDERED.

Dated:   **April 24, 2015**                              /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE