# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GIPSON, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00757 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR REPEATED FAILURES TO FOLLOW THE COURT'S ORDERS<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Dale Owens Dustin ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 16, 2013, and it was transferred to this Court on May 16, 2014.

　　　　On June 9, 2014, the Court screened the complaint and dismissed it with leave to amend, explaining that Plaintiff had submitted approximately 38 pages of illegible handwriting. Plaintiff was ordered to file a legible amended complaint within thirty (30) days of the date of service of the order.

　　　　Since that time, Plaintiff received numerous extensions of time. The Court granted Plaintiff's last request on October 28, 2014, and instructed Plaintiff that the sixty-day extension would be his final extension.

　　　　On December 31, 2014, Plaintiff filed a First Amended Complaint. However, the filing did not comply with the Court's prior screening order because it was not legible, and the Court struck

1

the filing on February 23, 2015. The Court explained that Plaintiff would be given a final opportunity to file a legible amended complaint in compliance with the Court's June 9, 2014, order. Plaintiff was given thirty (30) days from the date of service of the order to do so.

On April 10, 2015, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to follow the Court's orders.

Plaintiff responded to the order on April 22, 2015, indicating that he had not received the order striking the First Amended Complaint.

On April 24, 2014, the Court discharged the order to show cause and afforded Plaintiff a final thirty-day extension within which to file a legible amended complaint. The Court further explained:

> Plaintiff also disagrees with the Court's requirement that he submit a legible complaint, and questions the Court's motivation. To be clear, the Court can read some of Plaintiff's handwriting. It cannot, however, spend an inordinate amount of time deciphering Plaintiff's writing when he writes very small and includes almost 100 single-spaced lines on a single page. This is especially true where Plaintiff has submitted over 150 pages of such writing.
>
> The Court is cognizant of Plaintiff's status as a pro se litigant, as well as his issues with handwriting, but it must hold Plaintiff to a certain standard of legible writing. Plaintiff likely has the ability to write with adequate spacing, but he continues to submit documents that fall far short of the legibility require of Local Rule 130(b).
>
> Finally, to the extent that Plaintiff believes that counsel should be appointed so that the Court does not have to read his writing, the Court will not appoint counsel without a determination that Plaintiff is likely to succeed on the merits of his claims. At this point, the Court cannot make such a determination. Moreover, given some of Plaintiff's statements and purported claims, the Court has concerns regarding Plaintiff's ability to state a cognizable claim.
>
> Therefore, Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. His complaint must be legible. It must contain adequate spacing between words and adequate spacing between lines. Plaintiff is also reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). If Plaintiff cannot comply with these basic requirements after repeated instructions and opportunities, this action will be dismissed.

ECF No. 55, at 2-3. The Court also noted that (1) this is not the first action in which Plaintiff has been notified of the legibility requirements, and (2) Plaintiff may have three strikes under 28 U.S.C. § 1915(g), and therefore may be prohibited from proceeding in forma pauperis absent an exception.

///

///

Rather than file an amended complaint, Plaintiff *again* filed a document on May 18, 2015, in which he appears to dispute the Court's legibility requirement and request counsel. Plaintiff states that because of vision issues, he is unable to write with larger handwriting and/or adequate spacing.

## **DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

At this point, the Court has been more than lenient with Plaintiff in permitting him numerous opportunities to submit a legible amended complaint. Rather than attempting to do so, however, he continues to argue about the Court's requirements.

This action has been pending for over a year and a half, and there is no operative complaint. Given Plaintiff's refusal to comply with the Court's orders, the Court has no alternative but to recommend that this action be dismissed for repeated failure to follow the Court's orders.

## **RECOMMENDATION**

For the above reasons, the Court RECOMMENDS that this action be DISMISSED for repeated failure to follow the Court's orders.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 4, 2015**                              /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE

4