UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CONNIE GIPSON et al.,<br><br>  Defendants. | No. 1:14-cv-00757-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM FINAL JUDGMENT<br><br>(Doc. Nos. 71, 73) |

Plaintiff Dale Owen Dustin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff commenced this action on December 16, 2013, by filing his complaint in the U.S. District Court for the Northern District of California. On May 16, 2014, the matter was transferred to this court. (*See* Doc. Nos. 1, 14.)

On July 28, 2015, the court dismissed this action based on plaintiff's repeated failure to comply with court orders, and judgment was entered on the same day. (*See* Doc. Nos. 61, 62.) Following dismissal of this action, plaintiff filed an appeal in the United States Court of Appeals for the Ninth Circuit. (Doc. No. 63.) Following referral to this court regarding whether *in forma pauperis* status should continue for plaintiff's appeal, the Ninth Circuit determined that plaintiff's appeal was frivolous and directed him to pay the required filing fee. (Doc. No. 69.) On December 16, 2015, the Ninth Circuit dismissed plaintiff's appeal for failure to pay the filing fee

1

and issued its mandate. (Doc. No. 70.)

Over a year later, plaintiff filed two requests in this case, which are now before the court. On October 17, 2016, plaintiff filed a document titled, "Memorandum of Understanding, Motion to Remand/Reinstate Back into Court." (Doc. No. 71.) Thereafter, on November 18, 2016, plaintiff filed a document titled, "Memorandum of Understanding, Motion to Remand/Reinstate/Vacate Dismissal, As Cause Shown." (Doc. No. 73.) The court construes plaintiff's filings as motions for reconsideration regarding its final judgment in this case. Because these requests were filed well past the deadline for the filing of a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure—*see* Fed. R. Civ. P. 59(e); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) ("[T]he district court has no discretion to consider a late rule 59(e) motion.")—the court will evaluate them as motions for reconsideration brought under Rule 60(b).

## LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts

2

of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Generally speaking, a motion for reconsideration "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).[1] Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

**DISCUSSION**

In moving to set aside the court's judgment, plaintiff primarily contends that he was previously unable to comply with the court's orders because his legal and personal property was confiscated by prison officials. (*See* Doc. No. 71 at 1; Doc. No. 73 at 1–2.) This reasoning, however, is insufficient to justify the extraordinary relief from a final judgment sought by plaintiff here under Rule 60.

As an initial matter, plaintiff Dustin's motions are untimely. His first request was filed on October 17, 2016, well over a year after the court entered final judgment in this case.

---

[1] Furthermore, the Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. Local Rule 230(j).

3

Accordingly, this court lacks jurisdiction to grant relief under Rule 60(b)(1)–(3), as a matter of law. *See, e.g.*, Fed. R. Civ. P. 60(c)(1); *Nevitt v. United* States, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding that the district court lacked jurisdiction to consider an untimely motion under Rule 60(b)(2)). In moving for relief, plaintiff submits some evidence that he earlier attempted to file a motion seeking relief on May 11, 2016, within the relevant one-year time frame, but that his submission was returned to him by the Clerk of the Court on May 20, 2016. (*See, e.g.*, Doc. No. 71 at 2–5.) To the extent plaintiff suggests that the return of his submission effectively delayed his filing, however, he still fails to provide a basis for tolling the one-year deadline or otherwise explaining how a ten-month delay in seeking relief is otherwise reasonable under the circumstances presented here.

Even were plaintiff's motions for reconsideration timely, the court further finds that plaintiff has failed to establish a substantive basis for relief from judgment in this case. In explaining why he could not comply with the court's prior order plaintiff merely argues, without much specificity, that his belongings were confiscated by prison officials. Even if the court were to accept plaintiff's allegations as true, plaintiff has not adequately explained how this lack of access to certain personal materials would have necessarily prevented him from complying with the court orders in question. As the court has previously noted, it ordered plaintiff to submit legible and concise versions of his complaint, which were previously both lengthy and difficult to decipher. (*See* Doc. No. 57 at 1–3.)[2] That plaintiff could not access certain materials does not excuse his failure to furnish a short and clear statement regarding the basis for his claims against the named defendants in this case. Thus, plaintiff has failed to articulate any basis for relief under Rule 60(b)(1)–(3). Likewise, plaintiff does not and cannot argue that the court's prior judgment was void, satisfied, released, or discharged, under Rule 60(b)(4)–(5). Finally, plaintiff has failed to identify any extraordinary circumstances justifying relief under Rule 60(b)(6), which has been construed to provide relief only "to parties who were confronted with extraordinary circumstances that excused their failure to follow ordinary paths of appeal." *See In re Pac. Far*

---

[2] Moreover, the court granted plaintiff numerous extensions of time, amounting to nearly a year, within which to submit an amended pleading. (*See id.*)

*East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). Here, plaintiff chose not to pursue his appeal after the Ninth Circuit deemed it to be frivolous and ordered him to pay the filing fee. For all these reasons, plaintiff has failed to state a basis for relief under Rule 60(b).

**CONCLUSION**

Accordingly, plaintiff's motions for reconsideration (Doc. Nos. 71, 73) are denied.

IT IS SO ORDERED.

Dated: **September 6, 2017**

UNITED STATES DISTRICT JUDGE